Mr. Riendo, good morning. Good morning, Your Honor. May I please the Court, Richard Riendo, for the plaintiffs and appellants in this case? I would like to reserve two minutes of my time for rebuttal. Thank you. I would like to also focus on the issue of jurisdiction this morning, because if there is no jurisdiction in the Court, anything else that happened becomes a nullity. The United States District Court is, of course, a statutory court and only has that jurisdiction that the statutes provide. And when we speak of the removal of jurisdiction, we actually are implicating federalism issues, because what we're doing is we're taking a case that is properly in a state court and wrenching it from that court with appropriate jurisdiction for litigation in a federal court. So the cases are fairly question that arises must be determined and answered in favor of a remand. In this case, as I understand it, it's agreed now that the non-final state court determination to dismiss Agostino didn't provide a ground for removal because of that old Supreme Court case. But the defendant is saying that the case was nonetheless properly removable because D'Agostino was fraudulently joined, that there really wasn't a claim against him, which seems to be a viable theory. But you say in response to that that they didn't raise that question within the 30-day period because the D'Agostino fraudulent joinder was apparent from the face of the complaint and the case wasn't removed within 30 days. But once the defendant raised the fraudulent joinder theory, I don't see in the record an objection from you that that is improperly raised outside the 30-day period. It's a complicated question. Do you understand what I'm saying? I do follow, Your Honor. And let me, if I could, answer your question by citing the Seventh Circuit where in a footnote they address the issue of a plaintiff who failed to properly object to a removal. And I'm citing the case of Poolis v. NAAS Foods, which is found at 959 Federal 2nd 69. And I'm focusing on a footnote on page 73, where in the Seventh Circuit said, NASS could have discerned that the joinder of RHM was fraudulent when Poolis served his complaint. It should have been removed within 30 days following service of the complaint, not within 30 days following the entry of summary judgment. But Poolis did not notice the error and the 30-day limit in Section 1446B can be waived. In this case, we didn't waive it. And I will direct your attention to what is docket number three in our motion, the plaintiff's motion to remand. And on page four of seven, which was a two-page motion with a five-page memorandum. Page four of seven is the second page of the memorandum in which we argued, it is evident that defendants failed to act within 30 days of the initiation of the civil action in state court as required by 28 U.S.C. 1446 to remove the matter to the United States court. So we did raise. But my understanding of that is that that argument was directed to the timeliness of the removal based on the state court dismissal, that it wasn't a response to the fraudulent joinder theory. Well, Your Honor, as I see the cases, fraudulent joinder is a doctrine whereby if a defendant has been fraudulently joined in order to destroy the diversity, that if there is no culpable action that that fraudulently joined defendant is not considered for the purpose of diversity. That was evident from the first day here. And again, I'm not going to concede that it was fraudulently joined. As a matter of fact, we still want our day in the state court system to appeal the dismissal. But even if it were fraudulently joined, what happened here was, and of course it was the same counsel who represented the nine. The other defendants. The other defendants. He represented all, not all, two of the defendants. And so he knew right off, and he made an election. Within the 30 days, or just after the 30 days, he made an election. Rather than file the removal and then fight the issue of fraudulent joinder in the federal court, he filed his motion to dismiss in the state court based on precisely the same arguments, presumably precisely the same arguments, that he would have made in the federal court had he properly removed within the first 30 days. But he made the election. He made the election. He wanted his cake and eat it, too. He made the election in state court. And then eventually, about five months into the litigation in state court, and even though D'Agostino's response to pleading was a motion to dismiss, the other defendants' response, their answer included counterclaims whereby they were actually invoking the jurisdiction of the state court to litigate. And that went on for five months before they decided to Now, if back in 2010, when this was all going on, the 1446B had two paragraphs unnumbered, and in 2011, there was an amendment that created B1, which is the removal within the first 30 days, and a B3, which is the removal within 30 days of a pleading that created diversity. Well, the Supreme Court, for the last 100 years, has adhered to the voluntary-involuntary rule. And so, in this particular case, it was an involuntary dismissal, very involuntary, and therefore, that, those sets of doctrines are implicated, not the fraudulent transfer, because with fraudulent transfer, it was, you know, from the first day. Fraudulent joinder. I'm sorry, I misspoke, Your Honor. Fraudulent joinder. I have another case involving fraudulent transfer. Not before you. So, essentially what's happening is that there's mixing the apples and oranges. The fraudulent joinder issue is a 1446B1 issue, and the voluntary-involuntary doctrine is a 1446B3 issue, and you can't make a... Well, I mean, they weren't changing the ground, really, were they, when they brought up the fraudulent joinder? Because, as you say, the theory is the same thing that led to the dismissal in state court. Right. Presumably, the grounds that would have been argued, presumably, I would have likely, I would have filed a motion to remand, and then they would have brought up a fraudulent joinder defense to the motion to remand, and it would have been based on the same issues that they argued before the state court for the motion to dismiss. I guess I'm out of time. Yes, you are. Mr. Ratcliffe. Good morning, Your Honors. Richard Ratcliffe for the Appellate Southworth Milton. Your Honors, this is, I'll address the jurisdictional issue. Basically, what my friend is, Mr. Riando, is... You agree that your original ground for removal doesn't work. In other words, the dismissal by the state court was non-final, and that's not a ground for removal, right? I agree to that, Your Honor, that the state court dismissal under Rule 12b-6 of Mr. D'Agostino is not a proper ground for the removal. What the court found was that based on the court's reasoning of the complaint, and the arguments made by Mr. Riando in conjunction with the decision by Superior Court Judge Stern, that the defendant, Mr. D'Agostino, was fraudulently joined. So you re-characterized the ground for removal to call it fraudulent joinder, which could be a proper ground for removal? Basically, Your Honor, we did argue fraudulent joinder. If you look at the transcript of the hearing before Judge Smith, and the basis of Judge Smith's decision was fraudulent joinder, the decision with respect to fraudulent joinder, there's no contention by Mr. Riando that those factual findings are incorrect. But even assuming that you were right about fraudulent joinder, let's just assume that you've got the 30-day time limit problem, and the fraudulent joinder was apparent from the face of the original complaint, and you didn't remove within 30 days of the original complaint. So how do you get around the 30-day time limit? Well, first, the 30-day time limit wasn't raised by Mr. Riando in the argument before, in his motion, or in the argument before Judge Smith. And the 30-day issue was not raised by Mr. Riando in his initial brief, either. If you look at his initial brief, the whole basis of his initial brief is... His initial brief here? Yes. His initial brief here does not raise the 30-day rule. His initial brief addresses it's purely on the basis of jurisdiction. And as Your Honors know, I'm well aware, theories are offered for the first time in a reply brief are not preserved, citing the case of Executive Leasing Corp. versus... Yes, but his original brief deals with the original ground for removal. You came back in your red brief and said, well, maybe the original ground for removal is not proper, but we have this alternative fraudulent joinder ground. So he was addressing that in a reply brief. I'm not sure that he's out of order in doing that. The basis for Judge Smith's decision below was fraudulent joinder. And even if... First, he never raised 30 days with... He never claimed below. He never developed that argument before Judge Smith that the removal was untimely. So he had an obligation to present that below to give the court an ability to address that issue. His whole basis of his claim in his initial brief is that the federal courts are without jurisdiction. And it's not a jurisdictional issue. Jurisdiction, the timeliness does not affect this court's jurisdiction or the federal court's jurisdiction. Basically, with respect to jurisdiction, there is the Caterpillar case... Let me just get to that section here. Okay, so timeliness is procedural, not a jurisdictional defect. Is this in relation to the 30-day time limit in the removal statute? Correct, Your Honor. And so which case is that? Unaroyal versus Unaroyal-Goodrich-Tyre, 104-Fed 3rd, 322-324. That's an 11th Circuit case. The untimeliness of removal is a procedural instead of jurisdictional defect. The United States v. U.S. 61, a district court's error in failing to remand a case which is properly removed is not fatal to the ensuing jurisdiction adjudication if federal jurisdiction requirements are met at the time judgment is entered. So in this situation, Your Honor, we have a situation where Judge Smith, on the basis of fraudulent joinder, and it was clear in his decision that it was based on fraudulent joinder, that he would not remand the case to the state court. That is the basis. And there was never an argument with respect to the 30-day rule. We proceed and judgment is entered. The court clearly had jurisdiction on the basis of the fraudulent joinder issue. My friend is not, Mr. Riando, is not arguing that Judge Smith was in clear error with respect to his factual findings. In fact, if you look at the transcript of the hearing before Judge Smith, Judge Smith asked Mr. Riando, why do you believe that Judge Stern dismissed Mr. D'Agostino from this case? And Mr. Riando responded that because of the 40-year relationship that Caterpillar had with the principals of the plaintiff, they have never been deceived by Caterpillar and essentially couldn't believe what happened. So Judge Smith then asked him a more pointed question. He said, was this a kind of gut reaction or instinct that you had with respect to the agent? And counsel did not object to that characterization. There was no evidence. There was nothing presented that Mr. D'Agostino was a proper, any factual basis to show that he was a proper defendant in the first place. And the court found on the basis of fraudulent joinder that he was not a proper defendant. I'll also point, Your Honor, to the issue of timely. It was within the one year under 1446C1. Not only was it Mr. D'Agostino in this case, this case was brought against Caterpillar Financial, Southworth Milton, and Caterpillar Incorporated, as well as 17 individual defendants. 16 were the board directors of Caterpillar and Caterpillar Financial and Mr. D'Agostino. There was, within the averments in the complaint, there was no mention of where any of the individual defendants resided. So at that time we had a complaint where there were 17 named individuals. We didn't know where any of those individuals resided and there was nothing, well we knew where Mr. D'Agostino resided, but there was nothing in the complaint to indicate where the other 17 resided. Once the issue arose in the state court and the court found that there was no basis for any of the defendants, individual named defendants, it was clear at that point that we had a case with just corporate defendants and the diversity was clear. And I'd point, Your Honor, to a case, an Eighth Circuit case, Kudstin v. Side Painters and it's at 634 F. 3rd, 968. In that case, the court found that removal was timely, even though more than five months had elapsed since the filing of the complaint, as the defendant could not ascertain whether the cause of action satisfied the amount of controversy requirement. So in that case, what happened was the defendant got some... Well, we couldn't determine with respect to the other 17 individuals. We didn't know where they resided or who, basically, if you look at the complaint, which is in the record appendix, Your Honor, it doesn't say where they reside, basically that they're members of the board of directors of Caterpillar or Caterpillar Financial. But again, that is an issue that should have been addressed to Judge Smith below. There should have been a hearing on that. It wasn't addressed below. It wasn't developed below. It's not jurisdictional. And on those basis, and it wasn't raised, he never raised it in his initial brief before this court, timeliness. If there are no further questions, I see my time is just about up. Your timing is good. Thank you. As I read from my memorandum earlier that I filed with my motion to remand, I did raise specific... that issue specifically. I wrote, it is evident that defendants failed to act within the 30 days of the initiation of the civil action in state court as required by 28 U.S.C. 1446 to remove the matter to the United States court. What are you reading from? This is the memorandum that I filed along with my motion to remand back in December 2010. And it is docket number three. And this language happens to be on page four of seven on that particular... So I raised it. It didn't get me anywhere, but I raised it. Is opposing counsel correct that the time limit is not jurisdictional? It is procedural. Time limits are procedural. But the Congress has decided that if you don't follow the procedure, you don't take advantage of the removal of jurisdiction. And the... And they did. And as I cited from Poulos, that case that I cited a few moments ago, the Seventh Circuit said, because this procedural is waivable, but here we didn't waive it. So had in Poulos, the defendant raised the very issue that I'm raising today, and has raised right from December of 2010, Poulos very clearly would have required a remand. Can you give me the citation? Docket number three, what did you say? Docket number three is the motion to remand. It's a two-page motion with a five-page... Okay, don't use up your time on that. You gave me the citation. I'm sorry. Did you raise it in your original brief to us? In the original brief, I was focusing on more the other issue. Did you raise it or not? Well, I raised jurisdiction. All right. Did you raise the 30-day time? Well, we'll look at it. Excuse me? No question. Thank you.